IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3295-FL

| | | |
|---|---|---|
| SAMUEL R. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NURSE MARLA MAGANA, | ) | |
| DR. ROBERT OWENS, and | ) | |
| SUPERINTENDENT DENNIS | ) | |
| DANIELS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter now comes before the court on plaintiff's motion and supplemental motions for injunctive relief (DE 19, 21), motion for summary judgment (DE 20), motions to amend (DE 23, 32), motion for abeyance (DE 25), motion for entry of default (DE 26), emergency motion of disclosure (DE 28), which the court construes as a motion to amend, and motion to withdraw (DE 30). Also before the court are defendant Robert Owen's motion to dismiss (DE 12) and defendant Marla Magana's first motion for extension of time to file an answer (DE 37).

A.   Motion for Injunctive Relief

The court construes plaintiff's motion for injunctive relief and supplemental motion for injunctive relief as a request for a temporary restraining order.[1]  See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion and supplemental motions for a temporary restraining order are DENIED.

B.   Motion for Entry of Default and Motion for Extension of Time

Plaintiff moved for an entry of default against defendant Marla Magana ("Magana"). Defendant Magana's answer was due by February 20, 2015. On February 19, 2105, the North Carolina Attorney General filed a motion for an extension of time to file an answer on behalf of defendant Magana until March 12, 2015, and Magana filed her answer on that date. For good cause shown, Magana's motion for an extension of time is GRANTED. As a result, plaintiff's motion for entry of default is DENIED as MOOT.

2

C.   Motions to Amend

Plaintiff filed three motions to amend his complaint. For good cause shown, the court GRANTS plaintiff's first motion to amend. Fed. R. Civ. P. 15(a). Upon a review of plaintiff's pleadings, the court determines that they are not a model of clarity and fail to sufficiently put defendants on notice of plaintiff's claims against them. Accordingly, plaintiff must particularize his allegations by filing <u>one</u> amended complaint specifically stating the injury stemming from defendants' actions or inactions and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Further, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

In order to avoid confusion and to clarify the record, the court notifies plaintiff that plaintiff's amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. The court, however, will review plaintiff's amended complaint to determine whether severance of any claims is appropriate. <u>See</u> Fed. R. Civ. P. 18(a), 20(a)(2). Finally, plaintiff is notified that his amended complaint may include only those claims for which he could have completely exhausted his administrative remedies prior to filing this action on December 2, 2013. <u>See</u> 42 U.S.C. § 1997e(a); <u>see</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006).

Because the court has directed plaintiff to file one amended complaint, plaintiff's remaining motions to amend are DENIED as MOOT. For the same reason, defendant Robert Owen's motion to dismiss and plaintiff's motion for summary judgment are DENIED without prejudice.

D.   Motion for Abeyance

Plaintiff filed a motion requesting that the court temporarily suspend ruling on his December 17, 2014, motion to amend. Plaintiff subsequently filed a motion to withdraw his motion for abeyance. For good cause shown, the court GRANTS plaintiff's motion to withdraw his motion for abeyance and DENIES as MOOT plaintiff's motion for abeyance.

In summary, for the foregoing reasons the court rules as follows:

(1)   Defendant Robert Owen's motion to dismiss (DE 12) is DENIED as MOOT;

(2)   plaintiff's motion and supplemental motions for a temporary restraining order (DE 19, 21) are DENIED;

(3)   plaintiff's motion for summary judgment (DE 20) is DENIED as MOOT;

(4)   plaintiff's first motion to amend (DE 23) is GRANTED, but his remaining motions to amend (DE 28, 32) are DENIED as MOOT;

(5)   plaintiff's motion to withdraw his motion for abeyance (DE 30) is GRANTED and plaintiff's motion for abeyance (DE 25) is DENIED as MOOT;

(6)   defendant Magana's motion for an extension of time to file an answer (DE 37) is GRANTED and plaintiff's motion for entry of default (DE 26) is DENIED as MOOT.

SO ORDERED, this the 14th day of April, 2015.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge