IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3295-FL

| | | |
|---|---|---|
| SAMUEL R. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NURSE MARLA MAGANA, DR. | ) | |
| ROBERT OWENS, | ) | |
| SUPERINTENDENT DENNIS | ) | |
| DANIELS, and DR. ELIZABETH | ) | |
| BYRD, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, and the court entered an order granting defendants' respective motions to dismiss on November 24, 2015. This matter now comes before the court on plaintiff's pleading captioned "Crucial Facts Misconstrued and Ignored by Judge Flanagan" (DE 110), which this court construes as a motion to alter or amend the court's November 24, 2015, judgment pursuant to Federal Rule of Civil Procedure 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies plaintiff's motion.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change

in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).[1]

Plaintiff's motion is not a model of clarity. Plaintiff alleges, for the first time, that he "[e]ntertained suicidal ideations that [were] documented by a male nurse during an annual physical." (Pl.'s Mot. p. 3.) Plaintiff further states that defendant "Byrd had this information at her disposal when she initially attended to plaintiff" and that he "complained about suicidal ideation due to excruciating and unabated pain." (Id. p. 4.)

Although plaintiff alleges that his medical records contain references to suicidal thoughts made to an unidentified male nurse on an unspecified date, plaintiff makes no allegation that he raised the issue with defendant Byrd or that defendant Byrd ignored any complaints of suicidal thoughts. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) ("An officer is deliberately indifferent only when he knows of and disregards the risk posed by the serious medical needs of the inmate.") (internal quotations and citation omitted). Plaintiff's conclusory allegations lack sufficient detail to state an Eighth Amendment claim. See Ashcroft v. Iqbal, 556 U.S. 662, 663, 678–79 (2009) (stating that a complaint must state "a plausible claim for relief," and that "[t]hreadbare

---

[1] Generally, the filing of a notice of appeal divests a district court of jurisdiction. See Levin v. Alms and Assocs., Inc., 634 F.3d 260, 263 (4th Cir.2011). However, the Federal Rules of Appellate Procedure explicitly recognize an exception to this rule for Rule 59(e) motions. See Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,"); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required to state a constitutional claim). Additionally, plaintiff had the opportunity to present these allegations prior to the court's dismissal of his action, and has presented no grounds for his failure to do so. Thus, plaintiff is not entitled to relief pursuant to Rule 56(e) on this ground.

To the extent plaintiff asserts that the court ignored any claim arising out of his participation in the North Carolina Department of Public Safety's administrative remedy process, inmates do not have a constitutional right to participate in an effective grievance process. See Adams v. Rice, 40 F.3d 72 75 (4th Cir. 1994); see also, Oliver v. Myers, No. 5:7:08–CV–558, 2008 WL 5212409, at *4 (W.D. Va. Dec.12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Thus, plaintiff is not entitled to relief pursuant to Rule 56(e) on this ground.

As for the remainder of plaintiff's Rule 59(e) motion, it is an attempt to re-argue the merits of his dismissed action, which is not sufficient for relief pursuant to Rule 59(e). DeLong, 790 F. Supp. at 618. Plaintiff, additionally, fails to demonstrate an intervening change in controlling law,

to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion. Accordingly, plaintiff's Rule 59(e) motion (DE 110) is DENIED.

SO ORDERED, this the 31st day of December, 2015.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge